[Cite as *State ex rel. Davis v. Metzger*, 2013-Ohio-1620.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, *ex rel.,* | : | | JUDGES: |
| JOHN H. DAVIS | : | | Hon. William B. Hoffman, P.J. |
| | : | | Hon. Sheila G. Farmer, J. |
| Relator | : | | Hon. John W. Wise, J. |
| | : | | |
| -vs- | : | | Case No. 11-CA-130 |
| | : | | |
| TERRA WOOLARD METZGER | : | | |
| | : | | |
| Respondents | : | | O P I N I O N |

CHARACTER OF PROCEEDING:              Mandamus Complaint

JUDGMENT:                            Dismissed

DATE OF JUDGMENT:                    April 17, 2013

APPEARANCES:

For Relator                          For Respondents

WESLEY T. FORTUNE                    MARC A. FISHEL
421 Hill Road North                  400 S. Fifth Street
Pickerington, OH 43147               Suite 200
                                     Columbus, OH 43215

*Farmer, J.*

{¶1} Relator, John W. Davis, has filed a complaint for writ of mandamus requesting this Court issue a writ ordering Respondent Terra Woolard Metzger to produce certain personnel records. Respondent has filed an Answer as well as a Motion for Summary Judgment. Relator has also filed a Motion for Summary Judgment.

{¶2} On Thursday, December 8, 2011, at approximately 9:00 p.m., Relator served Respondent with a public records request for personnel records for six employees of the West Licking Joint Fire District (hereinafter "WLJFD"). Respondent is the Human Resources Technician for the fire district. As to these six employees, each request sought to "secure any and all records" that would support the employee's work performance, any disciplinary actions in his or her file, and any other document "that would give us any indication that he is unable to perform the job at hand." The records request stated that Relator would like the records emailed to him.

{¶3} The WLJFD was closed on Saturday, December 10, and Sunday, December 11, 2011. On Tuesday, December 13, 2011, at approximately 11:30 a.m., Relator telephoned Respondent to ask about the status of his public records request. She advised Relator that the requests were being reviewed by counsel for the WLJFD before they would be released. At 1:59 p.m. that afternoon, Relator filed the instant complaint in mandamus. The records were provided to him at 3:46 p.m. the same afternoon.

{¶4} Relator asks this court to issue a writ of mandamus compelling Respondent to make the requested public records available in accordance with R.C. 149.43 et seq., and with respect to any records that are not produced, to provide an

explanation to Relator that includes both the reason and the legal authority for the denial.  Relator also asks for statutory damages, attorney fees and costs.

{¶5}  Respondent filed a motion for summary judgment arguing that the public records request was complied with in a reasonable amount of time.  Respondent also requests fees and expenses pursuant to Civ. R. 11 and R.C. 2323.51.  Relator filed a motion for summary judgment arguing that he was not provided with the records within a reasonable period of time.  Relator also argues that Respondent failed to provide him with all available documents, specifically emails regarding the evaluation of Chief David Fulmer and a draft evaluation of Fulmer.

SUMMARY JUDGMENT STANDARD

{¶6}  The Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639, 1996–Ohio–211, 663 N.E.2d 639 explained the standard for summary judgment: "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

## MANDAMUS

**{¶7}** "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006–Ohio–1825, 848 N.E.2d 472, ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008–Ohio–4788, 894 N.E.2d 686, ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009–Ohio–4762, 916 N.E.2d 1049 at ¶ 13.

**{¶8}** In the instant case, Relator was provided with the requested records less than three business days after he served Respondent with his request. Relator argues that this was not a reasonable amount of time.

**{¶9}** R.C. 149.43(B)(1) provides in pertinent part:

**{¶10}** "(B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time."

**{¶11}** The statute does not define the term "reasonable period of time." Therefore, the determination of whether the Respondent complied with its duty to provide Relator with the requested documents within a reasonable period of time depends on all of the pertinent facts and circumstances. *State ex rel. Morgan v. Strickland*, 121 Ohio St. 3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶10. R.C. 149.43(A), which exempts certain types of records from disclosure, envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials. *Id.* at ¶16.

**{¶12}** Relator requested any and all records that would support the employee's work performance, any disciplinary actions in the employee's file, and any other document that would give any indication that the employee is unable to perform the job at hand as to six individual employees. Respondent was entitled to an opportunity to inspect the files and seek legal advice to determine what records were responsive to the broad request, and to determine if any of the information was exempt from disclosure. The documents were emailed to Relator less than three full business days from the time he served his request. Under the facts and circumstances of this case, we find this time to be reasonable and grant Respondent's motion for summary judgment on the issue of the timeliness of the response.

**{¶13}** Relator also claims that during discovery in the instant case, he discovered that a draft evaluation of Fulmer and emails concerning this evaluation were not provided to him. Relator has not amended his complaint to allege that Respondent withheld documents to which he was entitled, and Relator used the discovery process in this case to discover materials which were not in the personnel files of the requested

employees at the time the request was made. Contrary to Relator's apparent argument, the filing of the public records request and the instant action in mandamus does not impose on Respondent an ongoing duty to continue to provide Relator with documents that are promulgated after he served his records request.  Further, the records which Relator alleges he did not receive are the subject of a separate public records request and a separate mandamus action currently pending in this Court, and are not properly before this Court in the instant action.

{¶14} Respondent's motion for summary judgment is granted, and Relator's complaint in mandamus is dismissed.

SANCTIONS

{¶15} Respondents have requested sanctions in the form of costs and attorney fees based upon their contention the complaint for writ of mandamus is frivolous.

{¶16} R.C. 2323.51 provides a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct.

{¶17} R .C. 2323.51(A)(2)(a) defines "frivolous conduct" as follows:

{¶18} "(i) * * * [conduct that] serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

**{¶19}** "(ii) * * * [conduct that] is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

**{¶20}** "(iii) * * * [conduct that] consists of allegations or other factual contentions that have no evidentiary support or, if specifically identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

**{¶21}** A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court. The trial court must determine (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it and (3) if an award is to be made, the amount of the award. R.C. 2323.51(B)(2)(a). The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Pingue v. Pingue,* Delaware App. No. 06–CAE–10–0077, 2007–Ohio–4818, ¶ 20 citing *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628.

**{¶22}** Relator filed the instant action a matter of hours after he had been told by Respondent that counsel was reviewing his public records request. After receiving the records later that same day, Relator did not dismiss the instant action nor did he amend his complaint to reflect the fact that he received documents in response to his request. Rather, Relator proceeded to engage in a lengthy discovery process and file numerous motions with this court concerning a mandamus action which was resolved on the same day it was filed.

**{¶23}** We award Respondents attorney fees and costs incurred in this case after December 13, 2011.  A hearing as to the reasonableness and amount of the attorney fees and costs will be scheduled and the parties will be notified by separate scheduling entry as to the date and time of the hearing.

By: Farmer, J.

Hoffman, P. J. and

Wise, J. concur

_s / Sheila G. Farmer_____


_s / William B. Hoffman_____


__s / John W. Wise_____

JUDGES

SGF/ads0221

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | : | |
| JOHN H. DAVIS | : | |
| | : | |
| Relator | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRA WOOLARD METZGER | : | |
| | : | |
| Respondent | : | CASE NO. 11-CA-130 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the Complaint is dismissed.  Costs assessed to Relator.

_s / Sheila G. Farmer_____

_s / William B. Hoffman_____

__s / John W. Wise_____

JUDGES