**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Davis v. Metzger,* **Slip Opinion No. 2014-Ohio-2329.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2329

THE STATE EX REL. DAVIS, APPELLANT, *v.* METZGER, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. Davis v. Metzger,***

**Slip Opinion No. 2014-Ohio-2329.]**

*Mandamus—Public records—Response to request made within reasonable amount of time—Frivolous conduct—Hearing must be held before finding that party engaged in frivolous conduct—Court of appeals' denial of writ affirmed—Judgment finding frivolous conduct reversed, and cause remanded.*

(No. 2013-0881—Submitted March 11, 2014—Decided June 4, 2014.)

APPEAL from the Court of Appeals for Licking County, No. 11-CA-130, 2013-Ohio-1620.

_____

**Per Curiam.**

{¶ 1} We affirm the Fifth District Court of Appeals' grant of summary judgment dismissing the complaint for a writ of mandamus in this public-records case.  Appellant, John H. Davis, filed the case in the court of appeals less than

three business days after he had made requests under the public-records act, R.C. 149.43, for the personnel files of six employees of the West Licking Joint Fire District. Appellee, Terra Woolard Metzger, was the person responsible for public records for the district. The requested documents were produced two hours after the suit was filed, but the district was not aware of Davis's complaint until the next day. Davis asserts that the court of appeals erred when it found that the records were produced in a reasonable amount of time and that it abused its discretion when it found that Davis had engaged in frivolous conduct.

{¶ 2} Because the district responded to Davis's request in a reasonable amount of time, we affirm in part. However, we reverse the determination that Davis engaged in frivolous conduct and remand for the court of appeals to hold a hearing on that issue.

*Facts*

{¶ 3} Immediately after a meeting of the West Licking Joint Fire District Board of Trustees, at about 9:00 p.m. on Thursday, December 8, 2011, Davis submitted requests for the personnel records of six employees to Metzger. The requests were similar and sought records regarding work performance, disciplinary actions, and any other documents that would indicate that the employees could not perform their jobs.

{¶ 4} On Tuesday, December 13, 2011, at approximately 11:30 a.m., Davis called Metzger to inquire about the status of the requests. Metzger told Davis that the requests were being reviewed by legal counsel before release. Davis did not raise any objection during the phone call. But Davis filed his mandamus action in the Fifth District Court of Appeals at 1:59 p.m. that day. The district's counsel completed the review of the requested records the same day, and Metzger sent the documents to Davis by e-mail at 3:28 p.m. that afternoon. The next day, December 14, 2011, Metzger was served with the complaint.

**{¶ 5}** The court of appeals held that Metzger's production of the requested documents less than three business days after the requests were made was reasonable. 5th Dist. Licking No. 11-CA-130, 2013-Ohio-1620, ¶ 12. It also found that Davis had engaged in unnecessary discovery and motion practice in the case, and it awarded Metzger attorney fees and costs subject to a hearing to determine their amount and reasonableness. The hearing was continued when Davis appealed.

*Analysis*

**{¶ 6}** In his appeal, Davis asserts two errors. First, he argues that the court of appeals erred in finding that the district's response to his requests was reasonable. Second, he argues that the court erred in finding, without a hearing, that he had engaged in frivolous conduct under R.C. 2323.51.

*The district responded to the public-records requests within a reasonable time*

**{¶ 7}** As to the timeliness of the response to his requests, Davis argues that the requests at issue here were virtually identical to one that had previously been sent to the department in May 2011, apparently requesting his wife's employment file. He asserts that the district did not find the May 2011 request ambiguous but that the district claimed in its letter producing the records at issue here that the requests were in part ambiguous. However, the letter also invited Davis to resubmit the requests with clarification. Davis argues that because the district failed to inform him of the manner in which records were maintained by the office and never provided him with a written explanation, with legal authority, of why some records were not provided, the district had denied his request. But Davis did not inform the district that its response did not satisfy his requests. *See State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 40 (relator ignored respondent's multiple invitations to contact its in-house counsel to help relator refine an overbroad

request; court of appeals did not err in determining that respondent had complied with R.C. 149.43).

{¶ 8} As Davis himself points out, it is the requester's responsibility to identify with reasonable clarity the records he wants to inspect. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 29. It was not unreasonable for the district to ask Davis to clarify his requests, and it was not necessary to cite legal authority for doing so. R.C. 149.43(B)(2) (public office may deny an ambiguous request but must provide the requester with an opportunity to revise the request). Only if the request is ultimately denied does the public office have an obligation to cite legal authority for that denial. R.C. 149.43(B)(3).

{¶ 9} Davis also argues that the reason given by Metzger for asking counsel to examine the records before they were produced was not an acceptable reason under the public-records act. "R.C. 149.43(A) envisions an opportunity on the part of the public office to examine records prior to inspection in order to make appropriate redactions of exempt materials." *State ex rel. Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). However, Davis asserts that the district sought the advice of counsel because of pending litigation involving his wife and the district. He argues that the review was requested to gain an advantage in that litigation.

{¶ 10} Presumably, counsel had access to the records even before they were requested, and thus counsel's inspection of them before production would have been of no advantage in the lawsuit. The review had a minimal impact on the timeliness with which the district produced the records to Davis. Moreover, personnel files require careful review to redact sensitive personal information about employees that does not document the organization or function of the agency. *See, e.g., State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 25 (state-employee home addresses are

not public record and may be removed from personnel files before release). The district was not remiss in delaying the response for a short time to allow counsel to review the records before they were produced.

{¶ 11} Finally, Davis argues that the response to the requests was incomplete because a personal evaluation of one of the employees whose records were requested, as well as associated e-mails, was not produced. As the court of appeals pointed out, Davis never amended his complaint to allege that the district had withheld those documents. 5th Dist. Licking No. 11-CA-130, 2013-Ohio-1620, ¶ 13 Moreover, the court of appeals stated that the evaluation was the subject of a separate request and mandamus case, and we therefore decline to review the district's failure to release that evaluation at this time. *Id.*

{¶ 12} In short, Davis cannot complain that less than three business days is an unreasonable amount of time to produce the personnel records of six employees.

*The court of appeals must hold a hearing before awarding attorney fees and costs for frivolous conduct*

{¶ 13} Davis next argues that the court of appeals abused its discretion when it found, without holding a show-cause hearing, that Davis had engaged in frivolous conduct under R.C. 2323.51(A). That statute defines "frivolous conduct" as one of the following:

(2) "Frivolous conduct" means * * *:

(a) Conduct of [a] party to a civil action * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

The court of appeals found that Davis's conduct met this definition because he filed this action within hours of being told that his records request was being reviewed and then failed to dismiss the action once he received the documents from Metzger. And despite the production of the records, Davis engaged in lengthy discovery and filed numerous motions. He never amended his complaint to indicate that he had received at least some of the documents that he had requested.

{¶ 14} Davis points out, however, that the court did not hold the hearing required by R.C. 2323.51 before awarding attorney fees and costs for frivolous conduct. The court stated that a hearing would be scheduled to determine the reasonableness and amount of the attorney fees and costs. A hearing was scheduled and then continued once Davis appealed.

{¶ 15} R.C. 2323.51 requires that a court take the following action before awarding fees and costs for frivolous conduct.

(B)(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, *but only after the court does all of the following*:

(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

(c) *Conducts the hearing described in division (B)(2)(a) of* this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made.

(Emphasis added.)

{¶ 16} We hold that the court of appeals was required to conduct a hearing *before* determining that Davis had engaged in frivolous conduct. We therefore reverse the judgment as to the finding of frivolous conduct, and we remand for the Fifth District Court of Appeals to conduct the hearing required by R.C. 2323.51(B)(2).

7

*Conclusion*

**{¶ 17}** The district substantially complied with Davis's public-records requests in less than three business days. That response time was reasonable. We therefore affirm the court of appeals' grant of summary judgment dismissing the complaint for a writ of mandamus.

**{¶ 18}** However, because the court of appeals did not hold a hearing before determining that Davis had engaged in frivolous conduct, we reverse the judgment as to that finding, and we remand for the court of appeals to proceed in accordance with R.C. 2323.51(B).

Judgment affirmed in part
and reversed in part,
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Fortune Law Limited and Wesley T. Fortune, for appellant.

Fishel Hass Kim Albrecht, L.L.P., Marc A. Fishel, and Anne E. McNab, for appellee.

_____