[Cite as *State ex rel. Davis v. Metzger*, 2014-Ohio-4555.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | : | JUDGES: |
| JOHN H. DAVIS | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Relator | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | Case No. 11-CA-130 |
| | : | |
| TERRA WOOLARD METZGER | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ - Request for Attorney Fees



JUDGMENT:          Granted



DATE OF JUDGMENT:          October 9, 2014



APPEARANCES:

For Relator          For Respondent

JOHN M. GONZALES          MARC A. FISHEL
501 South High Street          400 South Fifth Street
Columbus, OH  43215          Suite 200
          Columbus, OH  43215

*Farmer, J.*

{¶1}    Relator in this case is John H. Davis, husband of Peggy Davis, and Respondent is Terra Woolard Metzger.

{¶2}    This matter came before this court on Respondent's request for attorney fees pursuant to R.C. 2323.51(A) which defines frivolous conduct in relevant part as follows:

(2) "Frivolous conduct" means either of the following:

(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶3}    In our April 17, 2013 dismissal of the writ of mandamus action, we found the request for the public records pursuant to R.C. 149.34(B) was complied with within a reasonable amount of time (less than three business days).  The Supreme Court of

Ohio affirmed our decision, finding that a time lapse of less than three business days to comply was reasonable holding, "In short, Davis cannot complain that less than three business days is an unreasonable amount of time to produce the personnel records of six employees." *State ex rel. Davis v. Metzger*, 139 Ohio St.3d 423, 2014-Ohio-2329, ¶ 12.

{¶4} Despite Relator's extensive arguments to the contrary, this case is no longer about the lag time between request and response, nor is it about claimed deficiencies in the response as Relator did not pursue any claimed deficiencies.

{¶5} This case is about the continuation of unnecessary discovery in the mandamus action, when the items requested were supplied. The salient times are set forth in our opinion, *State ex rel. Davis v. Metzger*, 5th Dist. Licking No. 11-CA-130, 2013-Ohio-1620, ¶ 2-3, as follows:

On Thursday, December 8, 2011, at approximately 9:00 p.m., Relator served Respondent with a public records request for personnel records for six employees of the West Licking Joint Fire District (hereinafter "WLJFD"). Respondent is the Human Resources Technician for the fire district. As to these six employees, each request sought to "secure any and all records" that would support the employee's work performance, any disciplinary actions in his or her file, and any other document "that would give us any indication that he is unable to perform the job at hand." The records request stated that Relator would like the records emailed to him.

The WLJFD was closed on Saturday, December 10, and Sunday, December 11, 2011.  On Tuesday, December 13, 2011, at approximately 11:30 a.m., Relator telephoned Respondent to ask about the status of his public records request.  She advised Relator that the requests were being reviewed by counsel for the WLJFD before they would be released.  At 1:59 p.m. that afternoon, Relator filed the instant complaint in mandamus.  The records were provided to him at 3:46 p.m. the same afternoon.

{¶6}   The testimony presented at the hearing by Relator and his wife provided insight regarding the reasons for waiting less than three business days for filing the mandamus action.  Mrs. Davis opined that when she was employed by WLJFD, the records were readily available and would have been provided within twenty-four hours.  Both Mr. and Mrs. Davis pointed to Exhibit 1 to prove such response was reasonable.  Exhibit 1 was a "trial balloon" launched by the Davises to see how soon Respondent could respond.  Relator confirmed he believed three days was too long and called his attorney to initiate a response.  Relator argued the filing of the mandamus action was a result of advice received by his attorney.  These suspicions were predicated on discovery issues the Davises experienced in a civil lawsuit relative to Mrs. Davis's termination of employment by WLJFD.

{¶7}   Both Mr. and Mrs. Davis believe the responses given were incomplete.  Their attorney, Wesley Fortune, readily admitted the public records request was a way of achieving discovery in Mrs. Davis's lawsuit for wrongful termination.  Attorney Fortune justified initiating the complaint under three days based upon the holding in *State ex rel.*

*Consumer News Services v. Worthington City Bd. of Education,* 97 Ohio St.3d 59, wherein the Supreme Court of Ohio found a five days delay was unreasonable. He was further motivated by past practices involving the WLJFD. He believed it could have been fulfilled in two hours and the delay for review by counsel was not appropriate.

{¶8} In contrast to the instant case, the request made in the *Consumer News* case was very simple (the names and addresses for treasurer candidates). Here, the request was for any and all records that would show the employee's work performance, any disciplinary action, and any documents that would give any indication that the employee was unable to perform a job. This request included six different employees. When the request was supplied, it included fifty-two pages of documents.

{¶9} To support the less than three business days filing sub judice with the very limited fact pattern of the *Consumer News* case is not reasonable.

{¶10} The other reasons propounded by Attorney Fortune were cloaked in a conspiracy theory that is prevalent in his attitude.

{¶11} After the request was complied with by Respondent, Relator engaged in discovery, including seven hours of deposition of the Chief, three and one-half hours of deposition of the Board President, and seven hours of deposition of Respondent.

{¶12} After the discovery cut-off, Relator pursued other discovery and summary judgment matters without notice to Respondent's attorney-of-record. All of the discovery was done after compliance with the public records request and without any amendment to the mandamus action citing to a failure of a complete response.

{¶13} We find the less than three business days request was not warranted under existing law and cannot be supported by a good faith argument to expand or

establish new law.   The conduct of some seventeen hours of deposition in the mandamus action without an amendment to the action claiming incomplete response was not likely to have evidentiary support.

{¶14} We conclude all of the actions were on the advice of counsel and therefore Relator is not liable for frivolous conduct and sanctions.   However, it is well established by the evidence that the actions of Attorney Fortune were frivolous and warrants the finding of sanctions.   We therefore grant the request for attorney fees and order Attorney Fortune to pay Respondent $28,332.05 in attorney fees.

By: Farmer, J.

Wise, J. concurs.

Hoffman, P.J. concurs in judgment only.

SGF/ads 825