NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1026

THE STATE EX REL. DAVIS, APPELLANT, *v.* METZGER, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Metzger,* Slip Opinion No. 2016-Ohio-1026.]

*Mandamus—Public records—Attorney fees—Frivolous conduct—R.C. 2323.51— Respondent entitled to award of attorney fees when request for records had been pending only three days when mandamus action was filed and relator engaged in unnecessary discovery after records were provided.*

(No. 2014-2066—Submitted October 27, 2015—Decided March 16, 2016.)

APPEAL from the Court of Appeals for Licking County, No. 11-CA-130, 2014-Ohio-4555.

_____

**Per Curiam.**

{¶ 1} Appellant, John H. Davis, filed a public-records request under R.C. 149.43, the Ohio Public Records Act ("PRA"), for the personnel files of six employees of the West Licking Joint Fire District ("district"). Less than three

business days after making the request, Davis filed a complaint for a writ of mandamus in the Fifth District Court of Appeals seeking release of the records. The requested documents were produced two hours after the suit was filed, but the district was not aware of Davis's complaint until the next day. The court of appeals found that the records were produced in a reasonable amount of time and that Davis had engaged in frivolous conduct. *State ex rel. Davis v. Metzger,* 5th Dist. Licking No. 11-CA-130, 2013-Ohio-1620. We affirmed in part, but reversed the determination that Davis engaged in frivolous conduct and remanded the cause for the court of appeals to hold a hearing on that issue. *State ex rel. Davis v. Metzger*, 139 Ohio St.3d 423, 2014-Ohio-2329, 12 N.E.3d 1178. That court held the hearing and found that Davis engaged in frivolous conduct and awarded attorney fees. *State ex rel. Davis v. Metzger*, 5th Dist. Licking No. 11-CA-130, 2014-Ohio-4555. Davis appealed.

{¶ 2} Because the court of appeals did not abuse its discretion, we affirm.

*Facts*

{¶ 3} Appellee, Terra Woolard Metzger, was the person responsible for public records for the district. Immediately after a meeting of the West Licking Joint Fire District Board of Trustees, at about 9:00 p.m. on Thursday, December 8, 2011, Davis submitted to Metzger requests for the personnel records of six employees. The requests were similar and sought records regarding work performance, disciplinary actions, and any other documents that would indicate that the employees could not perform their jobs.

{¶ 4} On Tuesday, December 13, 2011, at approximately 11:30 a.m., Davis called Metzger to inquire about the status of the requests. Metzger told Davis that the requests were being reviewed by legal counsel before release. Davis did not raise any objection during the phone call, but filed a mandamus action in the Fifth District Court of Appeals at 1:59 p.m. that day. The district's counsel completed the review of the requested records the same day, and Metzger sent the documents

2

to Davis by e-mail at 3:28 p.m. that afternoon. The next day, December 14, 2011, Metzger was served with the complaint.

{¶ 5} Davis never informed Metzger that the response to his request was incomplete or otherwise unacceptable. Davis also never amended his original complaint to allege that the submitted records failed to satisfy his request.

{¶ 6} The court of appeals held that Metzger's production of the requested documents less than three business days after the request was reasonable. *State ex rel. Davis v. Metzger,* 5th Dist. Licking No. 11-CA-130, 2013-Ohio-1620, 2013 WL 1729353, ¶ 12. It also found that Davis had engaged in unnecessary discovery and motion practice in the case and awarded Metzger attorney fees and costs subject to a hearing to determine their amount and reasonableness. *Id.* at ¶ 22. The hearing was continued when Davis appealed.

{¶ 7} On appeal, we held that because the department substantially complied with Davis's public-records request in less than three business days, the district's response was reasonable, and thus the court of appeals correctly granted summary judgment and denied the writ. 139 Ohio St.3d 423, 2014-Ohio-2329, 12 N.E.3d 1178, ¶ 7-12. However, we found that the court of appeals abused its discretion when it failed to hold a show-cause hearing before finding that Davis had engaged in frivolous conduct under R.C. 2323.51(A). *Id.* at ¶ 13-16.

{¶ 8} On remand, the court of appeals held the required hearing and found that frivolous conduct had occurred, but as it was on the advice of counsel, Davis himself was not liable. Instead, the court laid the blame for the conduct on Davis's attorney and granted the request for attorney fees against the attorney in the amount of $28,332.05. 2014-Ohio-4555, 2014 WL 5141649, ¶ 14. Davis appealed.

*Analysis*

{¶ 9} Davis asserts that the court of appeals erred in finding that he or his attorney engaged in frivolous conduct under R.C. 2323.51. That statute defines "frivolous conduct" as conduct that serves merely to harass or maliciously injure

another party or conduct that is for another improper purpose, "including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation," conduct that is not warranted under existing law and that "cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law," and conduct that consists of allegations that "have no evidentiary support." R.C. 2323.51(A)(2)(a)(i), (ii), and (iii).

{¶ 10} "We will not reverse a lower court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion." *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11, citing *Ron Scheiderer & Assoc. v. London*, 81 Ohio St.3d 94, 98, 689 N.E.2d 552 (1998). To prove abuse of discretion, the appealing party must show that the lower court's decision to grant attorney fees was unreasonable, arbitrary, or unconscionable. *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5570, 938 N.E.2d 1028, ¶ 28.

{¶ 11} Davis asserts that the court of appeals' decision granting sanctions was wrong because the lawsuit and his attorney's conduct in the litigation were not frivolous. He disagrees with the court of appeals' holding that filing a mandamus action after only three days was unwarranted. He asserts that the decision is at odds with *State ex rel. Consumer News Servs. v. Worthington City Bd. of Edn.*, 97 Ohio St.3d 58, 2002-Ohio-5311, 776 N.E.2d 82, ¶ 38-47, in which we found that a delay of four business days was unreasonable. However, we already held that the department's actions in producing the records in three days were reasonable and not analogous to the actions in *Consumer News*. The court of appeals did not abuse its discretion in finding that filing the lawsuit only three days after the request was not reasonable.

{¶ 12} Moreover, Davis did not follow up with Metzger to let her know that he thought some of the requested records were being improperly withheld. Nor did

Davis amend his complaint to assert that not all records had been produced. Instead, Davis's attorney continued to pursue discovery in the mandamus case, including scheduling and conducting three depositions.

{¶ 13} The court of appeals correctly found that the continuation of unnecessary discovery after the requested records were provided was frivolous conduct. The court of appeals found that the actions were undertaken on advice of counsel and therefore only Davis's attorney is liable for frivolous conduct and sanctions.

{¶ 14} The court of appeals did not abuse its discretion, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

The Behal Law Group, L.L.C., and John M. Gonzales, for appellant.

Fishel, Hass, Kim, Albrecht, L.L.P., and Marc A. Fishel, for appellee.

_____