[Cite as *State ex rel. Louisville Edn. Assn., OEA/NEA v. Louisville City School Dist. Bd. of Edn.*, 2017-Ohio-5564.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL LOUISVILLE EDUCATION ASSOCIATION, OEA/NEA | : : : | JUDGES: |
| | : | Hon., Patricia A. Delaney, P.J. |
| Relator | : | Hon., John W. Wise, J. |
| | : | Hon., Earle E. Wise Jr, J. |
| -vs- | : : | |
| LOUISVILLE CITY SCHOOL DISTRICT BOARD OF EDUCATION | : : | Case No. 2016CA00159 |
| | : : | |
| Respondents | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:

DATE OF JUDGMENT:          June 26, 2017

APPEARANCES:

For Relator:

Anthony M. DioGuardi, II
4150 Belden Village Street, #604
Canton, Ohio  44718

For Respondent:

David Kane Smith
Sherrie C. Massey
Smith Peters Kalail Co. L.P.A.
6480 Rocksid Woods Blvd., S. #300
Cleveland, Ohio  44131-2222

Mary Jo Slick
Stark County Educational Serv. Ctr.
2100 38th Street NW
Canton, Ohio  44709

*Delaney, P.J.*

{¶1}    Relator, Louisville Education Association, has filed a complaint request this Court issue a writ of mandamus to compel the production of certain records. Respondent has filed an answer arguing the requested information is not subject to disclosure. The parties were granted leave to present the issues before this Court upon the filing of briefs and by attending oral argument.

## FACTS

{¶2}    On June 15, 2016, Relator sent a public records request to Respondent requesting in part "all administrative W2s for fiscal years 2013, 2014, and 2015." Respondent provided the requested W2s, however, Respondent redacted certain information from the W2s. Respondent advised Relator the information was redacted because the information was not a public record.

## MANDAMUS

{¶3}    The Supreme Court has explained mandamus in a public records case as follows:

"Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). 345 {¶ 19} Although the Public Records Act is accorded liberal construction in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16.

Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

In addition, unlike in other mandamus cases, " '[r]elators in public-records mandamus *600 cases need not establish the lack of an adequate remedy in the ordinary course of law.' " *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer,* 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.,* 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24. *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶¶ 18-19 (2016).

{¶4} In the instant case, Respondent redacted all boxes which would have revealed deductions for tax sheltered accounts, charitable contributions, and the amount of taxes withheld.

{¶5} The public records statute provides, "When making that public record available for public inspection or copying that public record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction."  R.C. 149.43(B)(1).

{¶6}     We find the redacted information is not a public record.

{¶7}     "Public offices . . . find it necessary to conduct a legal review of responsive records and to redact non-public-record information. This court has recognized that the Public Records Act envisions an opportunity for the public office to examine records prior to release in order to redact exempt materials appropriately. *Morgan,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, at ¶ 16, citing *State ex rel. Warren Newspapers, Inc. v. Hutson,* 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994)." *State ex rel. Shaughnessy v. Cleveland*, 2016-Ohio-8447, ¶ 12 (Ohio).

{¶8}     The Supreme Court has further held, "personnel files require careful review to redact sensitive personal information about employees that does not document the organization or function of the agency." *State ex rel. Davis v. Metzger*, 139 Ohio St.3d 423, 2014-Ohio-2329, 12 N.E.3d 1178, ¶ 10 (2014).

{¶9}     The redacted information does not document the organization or function of the agency, therefore, it is not public information subject to disclosure.

By, Delaney, P.J.

Wise, J. and

E. Wise, J. concur.