[Cite as *Aurora Smile Ctr., L.L.C. v. Schmidt*, 2026-Ohio-2179.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AURORA SMILE CENTER, LLC,    :
ET AL.,

       Plaintiffs-Appellees,    :

                                   No. 115072

       v.    :

COREY J. SCHMIDT,    :

       Defendant-Appellant.    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 11, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-995908

### *Appearances:*

Flannery | Georgalis, LLC, Justin C. Withrow, and Brian
F. Kampman, *for appellees*.

James V. Barilla, *for appellant*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In April 2024, Aurora Smile Center, LLC; Cuyahoga Falls Smile Center, LLC; Oakwood Smile Center, LLC; Westlake Smile Center, LLC; Daniel A. Glick ("Dr. Dan"); and Sam E. Glick ("Dr. Sam") (collectively "appellees" or "Cleveland

Smile") filed a complaint against Corey J. Schmidt ("appellant" or "Dr. Schmidt"), alleging breach of contract and telecommunications harassment.

{¶ 2} The complaint provided that Cleveland Smile is owned by Drs. Dan and Sam, two licensed dentists. In January 2023, Dr. Schmidt joined Cleveland Smile as an associate dentist. The parties entered into an employment agreement that contained noncompetition and nonsolicitation provisions. On March 25, 2024, Dr. Schmidt was terminated from Cleveland Smile.

{¶ 3} The complaint alleged that Dr. Schmidt breached the following provisions of his employment agreement with Cleveland Smile:

> 11. Noncompetition and Nonsolicitation. In consideration of his employment by [Cleveland Smile], [Dr. Schmidt] other than in the ordinary course of providing services to [Cleveland Smile] hereunder, hereby covenants and agrees that, during the period of [Dr. Schmidt's] employment with [Cleveland Smile] and for a period of two (2) years thereafter (the "Covenant Period"), [Dr. Schmidt] shall not, directly or indirectly, alone, together or in association with others, either as a principal, agent, owner, shareholder, officer, director, partner, employee, lender, investor or in any other capacity:
>
> . . .
>
> (b) divert, take away, solicit, or interfere with or attempt to divert, take away, solicit, or interfere with any patient or account of [Cleveland Smile], or, except on behalf of [Cleveland Smile] as an employee thereof, offer to provide to any such patient or account of [Cleveland Smile] services of the types provided by [Cleveland Smile];
>
> (c) solicit, induce, influence, or attempt to solicit, induce or influence any present or future employee of [Cleveland Smile] to leave his or her employment with [Cleveland Smile]. . . .

{¶ 4} The complaint specifically alleged that Dr. Schmidt breached those provisions by (1) sending numerous emails and text messages that contained

"harassing, intimidating, and threatening language" to Drs. Dan and Sam; (2) "making false statements online in the form of fake, negative reviews of Cleveland Smile" on Google, Facebook, and similar platforms; and (3) contacting a future Cleveland Smile employee and attempting to influence that future employee's decision regarding whether to work at Cleveland Smile. The complaint further alleged that Cleveland Smile sent Dr. Schmidt a cease-and-desist letter in April 2024, but he continued engaging in the practices enumerated above, leading to Cleveland Smile filing this lawsuit.

{¶ 5} Dr. Schmidt, pro se, filed a document entitled "affidavit" in response to the complaint. It substantially took the form of an answer in that it individually addressed the allegations within the complaint. Shortly thereafter, Cleveland Smile requested an injunction prohibiting Dr. Schmidt from continuing the activity giving rise to this complaint. The trial court held this motion in abeyance. Cleveland Smile filed a motion for summary judgment on December 13, 2024. Dr. Schmidt did not file a responsive brief in opposition.

{¶ 6} The court granted Cleveland Smile's motion for summary judgment. In the corresponding journal entry and opinion, the court found that Dr. Schmidt had breached the employment agreement and engaged in telecommunications harassment. The court granted Cleveland Smile's request for an injunction lasting two years from the date of the order. Pursuant to a provision in the employment agreement, the court awarded Cleveland Smile attorney fees and expenses expended

in enforcing the employment agreement against Dr. Schmidt. The hearing to determine attorney fees was scheduled.

{¶ 7} At the fee hearing, Dr. Schmidt appeared pro se and repeatedly argued that he was unaware of any activity in this case and "never heard back" after filing his "answer." Dr. Schmidt also attempted to argue the merits of the case, even after the trial court had informed him that summary judgment had already been ruled upon. After Cleveland Smile presented its arguments pertaining to the reasonableness of its requested attorney fees, Dr. Schmidt was given an opportunity to object to, contest, or rebut the attorney fees. He continued to argue the merits of the court's summary-judgment ruling. He briefly addressed the requested fees:

> $55,000 in fees? Because [Cleveland Smile] did what? They took – they took a couple of statements from their clients, and they're saying they tried to get ahold of me? Obviously they did not. I was never notified by any email or anything other on than [sic] these proceedings. After my first response, it fell flat. That was a year ago. I have not had any contact with them since then.

(Tr. 26.)

{¶ 8} Dr. Schmidt asked for an opportunity to hire an attorney to which the court responded that this case had already been litigated on the merits and that attorney fees were the subject of this hearing. Cleveland Smile indicated that after the hearing, it would send its redacted fee bills to Dr. Schmidt. The trial court gave Dr. Schmidt ten days to respond and advised that he "need[s] to file some kind of response to this motion." (Tr. 28.) The court asked Dr. Schmidt to repeat what the

court had instructed, to which he responded, "I am supposed to respond to the emails, your Honor . . . [t]en days from when I receive them." (Tr. 31.)

{¶ 9} Dr. Schmidt did not comply with the trial court's instruction. Accordingly, the trial court ordered Dr. Schmidt to pay $59,295.09 in attorney fees to Cleveland Smile and indicated that the reasonableness of the bills was not contested. Thereafter, Dr. Schmidt filed the instant appeal in addition to a Civ.R. 60(B) motion for relief from judgment in the trial court. Following a limited remand from this court, the trial court denied Dr. Schmidt's Civ.R. 60(B) motion and Dr. Schmidt failed to perfect an appeal from the denial of that motion. We accordingly constrain our review to the final judgment granting attorney fees and motion for summary judgment.

{¶ 10} Dr. Schmidt's assignments of error are as follows:

I.      The trial court abused its discretion in awarding plaintiff's attorney fees in the amount of $59,295.09.

II.     The trial court erred in granting summary judgment in favor of plaintiff when material facts are in dispute and procedural defects in the proceedings prejudiced defendant.

{¶ 11} Dr. Schmidt's second assignment of error is dependent upon the first assignment of error. As such, we review the assigned errors in reverse order, beginning with whether the trial court erred in granting summary judgment in favor of Cleveland Smile.

## I. Motion for Summary Judgment and Injunctive Relief

{¶ 12} This alleged error contests the trial court's decision to grant summary judgment in favor of Cleveland Smile. He suggests that the trial court erred in granting summary judgment for several reasons:

> (1) The court improperly determined [Cleveland Smile]'s requests for Admissions admitted, when they were not properly served upon Defendant; (2) The court ignored Schmidt's affidavit filed with the court on April 23, 2024, and contrary to current law, gave [Drs. Dan's and Sam's] affidavits greater weight; and (3) The court issued a two-year injunction against Schmidt when no such request for relief was prayed for in the complaint.

{¶ 13} We address each of Dr. Schmidt's arguments in turn. His first argument suggests that the trial court improperly deemed the requests for admission as admitted; Dr. Schmidt argues that he had not received these requests.

{¶ 14} A court's discovery decisions will not be disturbed unless we find an abuse of discretion. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, ¶ 20, 26 (8th Dist.). "A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed," but this presumption may be rebutted by sufficient evidence to the contrary. *Jackson-Summers v. Brooks*, 2006-Ohio-1357, ¶ 20 (8th Dist.), citing *Potter v. Troy*, 78 Ohio App.3d 372, 377 (2d Dist. 1992), citing *Grant v. Ivy*, 69 Ohio App.2d 40 (10th Dist. 1980). "When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted." *Mannesmann Dematic Corp. v. Material Handling Servs.*,

1999 Ohio App. LEXIS 6070, *9 (8th Dist. Dec. 16, 1999), citing Civ.R. 36; *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985), *cert. denied*, 478 U.S. 1005 (1986).

{¶ 15} The record demonstrates that on August 26, 2024, Cleveland Smile served requests for admission and production of documents to Dr. Schmidt "via email requests." At the attorney-fees hearing, when Dr. Schmidt claimed that he had not received anything other than the complaint, Cleveland Smile's counsel indicated that "given that Mr. Schmidt is a pro se defendant, when we filed any pleadings with the Court, we endeavor to not only send him a copy via regular mail but also certified mail — we brought one of those envelopes with us here today that we can proffer to the Court . . . ." (Tr. 8.) During the hearing, Dr. Schmidt confirmed his email address, which was the email address included in all of the email correspondence attached to the complaint and the motion for summary judgment as exhibits. This is also the email address that Cleveland Smile stated that it sent all correspondence and service to. Dr. Schmidt claims, without anything more, that he had not received anything except the complaint. This bare assertion is plainly insufficient to rebut the presumption of proper service. We therefore cannot find error in the trial court's decision deeming the request for admissions admitted.

{¶ 16} The next issue within Dr. Schmidt's second assignment of error contests the weight that the court allegedly gave to Drs. Sam's and Dan's affidavits as opposed to Dr. Schmidt's answering affidavit that effectively denied all allegations within the complaint. We construe this argument as simply contesting the court's summary-judgment ruling in favor of Cleveland Smile.

{¶ 17} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977). To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Also relevant herein, "[u]nanswered requests for admission, because the matter involved is deemed admitted, are the equivalent of written admissions for purposes of Civ.R. 56(C)." *Cent. Ins. Co. v. Yeldell*, 2001 Ohio App. LEXIS 4490, *4 (2d Dist. Oct. 5, 2001).

{¶ 18} Cleveland Smile's complaint alleged that Dr. Schmidt (1) breached his employment contract and (2) engaged in telecommunications harassment. A breach-of-contract claim requires the plaintiff to demonstrate "'the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party suffered damages as a result of the breach.'"

*Jordan v. Giant Eagle Supermarket*, 2020-Ohio-5622, ¶ 45 (8th Dist.), quoting *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108 (8th Dist. 1995).

{¶ 19} We first address the breach-of-contract claim. Pursuant to the trial court's ruling that the unanswered requests for admissions were deemed admitted, the following relevant facts have been established. First, Exhibit A to the complaint was a true and accurate copy of the agreement that Dr. Schmidt entered into with Cleveland Smile. (Request for Admission No. 1.) Also established, Dr. Schmidt "violated the terms of the Employment Agreement after [his] Termination Date." (Request for Admissions No. 21.) Dr. Schmidt, through the deemed admissions, also admitted to the specifics of these violations, including posting the individual "fake" reviews and contacting potential employees. Regarding damages, the employment agreement attached to the complaint provides, in relevant part:

> 13. <u>Remedies</u>. Employee acknowledges that the covenants and restrictions set forth in Sections 11 and 12 of this Agreement are reasonable and necessary for the protection of the Company's business. Employee acknowledges that the remedy at law for any breach of the provisions of Sections 11 and 12 of this Agreement will be inadequate as such breach will cause the Company irreparable harm, and the Company shall be entitled to injunctive and other equitable relief, without bond, by any competent court, in addition to any other remedy the Company may have hereunder or otherwise. In the event any such proceedings are instituted by the Company, Employee shall reimburse the Company for all reasonable costs and expenses, including attorneys' fees, incurred as a result thereof by the Company.

{¶ 20} Thus, Cleveland Smile conclusively established every element of its breach-of-contract claim and summary judgment was properly granted therewith, with the exact damages pending the attorney-fees hearing. We need not address the

tension between the complaint and Dr. Schmidt's answering affidavit because the facts at issue have been conclusively established by the admitted requests for admissions.

{¶ 21} We now address Cleveland Smile's telecommunications harassment claim. Telecommunications harassment is a criminal offense. R.C. 2917.21. However, under R.C. 2307.60, "anyone injured . . . by a criminal act has, and may recover full damages in, a civil action [and] . . . may recover the costs of maintaining the civil action and attorney's fees . . . ."

{¶ 22} R.C. 2917.21(A)(1) provides:

No person shall knowingly make or cause to be made a telecommunication . . . to another, if the caller . . . [k]nowingly makes any comment, request, suggestion, or proposal to the recipient of the telecommunication that is threatening, intimidating, menacing, coercive, or obscene with the intent to abuse, threaten, or harass the recipient.

In the requests for admission that had been admitted as fact, it was established that "the emails and text messages referenced in Request No. 6 were sent with the purpose and intention to harass, intimidate, and threaten Dr. Dan and Dr. Sam."[1]

---

[1] Request for Admissions No. 6 specifically asked about each individual text message and/or email. A sampling of these messages includes the following:

Admit that in wake of your termination with Cleveland Smile Center, you sent the following emails and text messages to Dr. Dan and Dr. Sam:

a. March 25, 2024: "We expect my collection reports and my pay...[i]f not, we are going to the media. Your choice."

b. March 25, 2024: "Bout to get real sam"

c. March 25, 2024: "You're going DOWN"

(Request for Admissions No. 7.) This admission alone is sufficient Civ.R. 56(C) evidence conclusively establishing that Dr. Schmidt engaged in telecommunications harassment.

{¶ 23} Based on the foregoing established by our de novo review, we are unable to conclude that summary judgment was improperly granted in favor of Cleveland Smile.

{¶ 24} The final issue within Dr. Schmidt's second assignment of error pertains to the court's issuance of an injunction prohibiting Dr. Schmidt from engaging in the activities giving rise to this matter. Dr. Schmidt, however, does not reference any relevant caselaw or authority, and his sole argument surrounding this issue is that

> [Cleveland Smile] did not contain in their prayer for relief in their Complaint a request for an injunction. While it is understood that at the conclusion of a trial, a party may move for relief consistent with the evidence presented at trial, such a maneuver is not available to [Cleveland Smile] during a Summary Judgment Proceeding. Here the court is limited to grant or deny only the relief requested. Since [Cleveland Smile] never requested injunctive relief, the court erred in ordering the two year injunctive relief.

{¶ 25} The record contradicts Dr. Schmidt's claim that injunctive relief was not requested. A motion for a preliminary injunction was filed on January 24, 2025.

---

. . .

f. April 11, 2024: "so unethical"

g. April 12, 2024: "Already have the police report. NOW WE HAVE SOME FUN SAM. F[***] YOU."

It was held in abeyance by the trial court until summary judgment was ruled on, after which the trial court issued the injunction and tailored it to the conclusively established breach of contract and telecommunications harassment that Dr. Schmidt engaged in. Assignment of Error No. 2 is overruled.

**II. Attorney Fees**

{¶ 26} Based on the contractual agreement between Dr. Schmidt and Cleveland Smile, the trial court determined that Cleveland Smile was entitled to attorney fees. On appeal, Dr. Schmidt asks us to find that the court abused its discretion in awarding $59,295.09 in attorney fees to Cleveland Smile. Specifically, he argues that Cleveland Smile did not (1) provide sworn testimony regarding the reasonableness of the fees; (2) file any affidavit or sworn statement that the work was actually performed; (3) verify or authenticate that the work performed was necessary and limited to the case before the court; (4) provide Dr. Schmidt with unredacted legal fee bills; (5) provide evidence that the provision in the employment contract permitting attorney fees was "created freely and not otherwise included due to unequal bargaining powers." He also argues that the awarded fees "shock the conscience" and are therefore unreasonable.

{¶ 27} We review a trial court's award of attorney fees for an abuse of discretion, and the appealing party must show that the trial court's grant of attorney fees was unreasonable, arbitrary, or unconscionable. *State ex rel. Davis v. Metzger*, 2016-Ohio-1026, ¶ 10.

{¶ 28} Here, Cleveland Smile requested attorney fees pursuant to the contractual language of the employment agreement. Ohio has long recognized that attorney fees are not typically recoverable from the losing party unless provided for by statute or under an enforceable contract. *Nottingdale Homeowners' Assn. v. Darby*, 33 Ohio St.3d 32, 34 (1987). We find, however, that Dr. Schmidt's arguments on appeal — particularly those pertaining to the enforceability of the agreement and the reasonableness of the fees — were not made to the trial court and therefore waived.

{¶ 29} Prior to this appeal, Dr. Schmidt had not contested the reasonableness of the attorney fees, despite adequate opportunity. The trial court specifically ordered Cleveland Smile to send a copy of the redacted fee bills to Dr. Schmidt for his review, which Cleveland Smile complied with and filed a notice of compliance with the trial court's order. The court gave Dr. Schmidt ten days to file objections or anything contesting the reasonableness of the fees; it even made him repeat this instruction and the time frame at the close of the attorney-fees hearing. Dr. Schmidt never filed anything after the ten-day deadline passed.

{¶ 30} We need not consider any arguments or errors that the complaining party "could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Williams*, 51 Ohio St.2d 112, 117 (1977). "It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate purposes." *Wells Fargo*

*Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 14 (8th Dist.). Dr. Schmidt was afforded the opportunity to bring these arguments to the trial court within the deadline set by the trial court, and did not. Therefore, any arguments pertaining to the validity and reasonableness of the fees are waived for purposes of this appeal.

{¶ 31} Even if we were to review the reasonableness of the attorney fees, we would find that they were reasonable. Cleveland Smile met its burden in submitting the fee bills and demonstrating the reasonableness of the fees via statements made to the court indicating the difficulties and immense attention required to litigate this case on Cleveland Smile's behalf. It was explained at the attorney-fees hearing that Cleveland Smile was hoping to abate Dr. Schmidt's activity with only a cease-and-desist letter. Unfortunately, Dr. Schmidt's activities continued, which forced them to file this case and involve the court system. Cleveland Smile's counsel detailed Dr. Schmidt's discovery noncompliance and rejection of settlement offers, continued harassment even after the lawsuit was filed, and time spent researching, drafting, and filing the numerous pleadings filed in this case. Moreover, counsel for Cleveland Smile represented to the court that associates were frequently utilized in an attempt to keep costs low when possible. Based on the foregoing, coupled with Dr. Schmidt's failure to contest or object to the fees and their reasonableness, Assignment of Error No. 1 is overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MICHELLE J. SHEEHAN, A.J., and
SEAN C. GALLAGHER, J., CONCUR