DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Maumee Municipal Court. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following assignment of error:
 {¶ 3} "The trial court committed error in denying without a hearing Cadle Company's motion for sanctions for frivolous conduct where it had previously ruled against Gitler on Cadle Company's Motion for summary judgment and when it had specifically found that the complaint was not warranted under existing law and was not supported by a good faith argument for extension or modification of existing law:
 {¶ 4} "A. The trial court erred in determining sanctions were not warranted after ruling against Gitler on Cadle Company's motion for summary judgment and after making a finding tantamount to finding Gitler's conduct was frivolous.
 {¶ 5} "B. The trial court erred when it did not have a hearing before denying the motion for sanctions."
 {¶ 6} This case originally arose as an action for money damages filed on August 10, 2001, by appellee, Pat Gitler, acting pro se, in the small claims division of the Maumee Municipal Court. Appellee, the owner/operator of Peaceful Acres Mobile Home Park, alleged in her complaint that appellant, the Cadle Company, owed her $2,125 for unpaid lot rent and $783.80 in unpaid property taxes for a mobile home Cadle Company acquired from Gitler's former tenant, Richard Bailey.
 {¶ 7} On August 23, 2001, appellant filed a motion in which it asked the trial court to either strike the complaint as "frivolous" and award sanctions to appellant or, in the alternative, order appellee to obtain counsel and transfer the case to the regular municipal court docket. On August 27, 2001, the trial court ordered appellee to obtain legal counsel within two weeks.
 {¶ 8} On September 6, 2001, appellant filed a second motion to strike and a request for sanctions, in which it argued that the complaint should be dismissed because appellee had not yet obtained legal counsel. On September 25, 2001, an entry of appearance on appellee's behalf was filed by attorney Joseph Urenovitch of the law firm of Weiss and Associates. On October 10, 2001, the case was transferred to the trial court's regular docket with the agreement of the parties. On October 26, 2001, appellant filed an answer in which it denied obtaining title to Bailey's mobile home. On January 24, 2002, the trial court denied appellant's second motion to strike and request for sanctions.
 {¶ 9} On September 23, 2002, appellant filed a motion for summary judgment, in which it denied having any "legal relationship" with appellee that would give rise to a responsibility to pay lot rent and property taxes for Bailey's mobile home. On January 7, 2003, the trial court filed a judgment entry in which it granted appellant's motion for summary judgment and dismissed the complaint. In so doing, the trial court found that the complaint "is not warranted under existing law and was not supported by a good faith argument for an extension or modification of existing law." No appeal was taken.
 {¶ 10} On January 15, 2003, appellant filed a motion for sanctions against appellee and Weiss and Associates pursuant to R.C. 2323.51. In support thereof, appellant asserted that, as a result of the "frivolous" lawsuit, appellant was forced to needlessly spend time and money defending itself. Appellant based its motion partially on the trial court's finding as set forth above. On April 16, 2003, the trial court summarily denied the motion for sanctions, without holding a hearing. A timely appeal was filed on May 12, 2003.
 {¶ 11} Appellant asserts on appeal that the trial court erred by failing to hold a hearing, during which it could have considered all of appellant's reasons for imposing sanctions on appellee and her attorneys. In addition, appellant asserts that the trial court improperly ignored its own finding that the complaint had no merit and was "frivolous" as defined by R.C. 2323.51.
 {¶ 12} R.C. 2323.51(B) provides, in relevant part, that a "court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct." The term "conduct" is defined as "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action * * *." R.C. 2323.51(A)(1)(a). The term "frivolous" is defined as conduct by a party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii).
 {¶ 13} It is well-settled that R.C. 2323.51 requires a hearing only on those motions which demonstrate arguable merit. See Justice v.Lutheran Social Serv. of Cent. Ohio (1992), 79 Ohio App.3d 439, 444. Accordingly, the trial court may deny a request for a hearing as to those motions which "on their face reveal the lack of a triable issue." CMNewspapers, Inc. v. Dawson (Jan. 28, 1992), Franklin App. No. 91AP-1067. In cases where the court has sufficient knowledge of the circumstances for the denial of the requested relief, it need not waste judicial resources on hearings that are "perfunctory, meaningless, or redundant."Smith v. Baumgartner, et al., 6th Dist. App. Nos. OT-01-018, OT-01-014, 2002-Ohio-232, ¶ 24, citing Huddy v. Toledo Oxygen Equipment Co. (May 8, 1992), Lucas App. No. L-91-328.
 {¶ 14} The determination as to whether a hearing should be held on a motion pursuant to R.C. 2323.51 is within the sound discretion of the trial court. Ohio Dept. of Adm. Serv. v. Robert P. Madison Internatl.,Inc. (2000), 138 Ohio App.3d 388, 399. An abuse of discretion connotes more than a mere error of law or judgment, instead requiring a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} A review of the record demonstrates that appellee, acting both pro se and through retained counsel, submitted facts and legal arguments to the trial court in support of her claim, to which appellant responded by filing an answer and a motion for summary judgment. As set forth above, the trial court denied appellant's two motions to strike the complaint, and refused to grant two prior requests for sanctions. Finally, in dismissing the complaint, the trial court did not specifically state that appellee's claim was "frivolous" as defined by R.C. 2323.51. Instead, the court found that appellee's claim "was not
supported by a good faith argument for an extension or modification of existing law," not that it "could not" be so supported, as required by R.C. 2323.51(A)(2)(a)(ii).
 {¶ 16} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof, finds that the trial court did not abuse its discretion by denying appellant's motion for sanctions without holding a hearing. Appellant's assignment of error is not well-taken.
 {¶ 17} The judgment of the Maumee Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
Judgment affirmed.
Judith Ann Lanzinger, J. and Arlene Singer, J., Concur.