[Cite as *Smith v. Anderson*, 2023-Ohio-108.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ryan Smith                                    Court of Appeals No. L-22-1081

      Appellant                          Trial Court No.  CI0201903803

v.

David Anderson                                **DECISION AND JUDGMENT**

      Appellee                           Decided:  January 13, 2023

* * * * *

George C. Rogers, for appellant.

Sheila A. McKeon, Richard C.O. Rezie, and Samuel N. Dodoo,
for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Ryan Smith, appeals the March 22, 2022 judgment of the Lucas County Court of Common Pleas which denied his motion for R.C. 2323.51 frivolous conduct sanctions and Crim.R. 11 sanctions against appellee, David Andersen,[1] and his

---

[1] The complaint incorrectly lists appellee's last name as Anderson, not Andersen.

counsel, Allison Hayes.[2]  Because we find that the court did not abuse its discretion, we affirm.

## I. Procedural Background

{¶ 2} This auto accident, personal injury case commenced on September 18, 2019. Appellant claimed that as a result of appellee's negligence he suffered various injuries and incurred medical expenses.  Appellee answered the complaint making general denials and raising several affirmative defenses.

{¶ 3} On November 19, 2019, appellant filed a motion to strike appellee's answer and motion for default judgment arguing that the answer was not properly served upon appellant's attorney and that appellee's attorney's assertion that the document was electronically served was false as the clerk requires a separate document with instructions for service.  The motion was denied.

{¶ 4} On May 20, 2020, appellant filed a motion to strike six documents that he claimed contained "false statements of service."  Appellant recounted that appellee's answer, filed on October 22, 2019, incorrectly represented that the pleading was served on appellant's counsel through the court's electronic filing system.  He stated that despite being informed of the clerk's procedure for serving documents, appellee's counsel continued to falsely state that various documents had been served electronically. Appellee opposed the motion and asserted that "Defendant has a record of sending copies

---

[2] Late in the trial court proceedings, Hayes withdrew and new counsel was substituted.

2.

of all documents to Plaintiff's counsel should the court choose to review Plaintiff's incredibly bizarre claim." The court denied the motion to strike finding that because appellant's counsel had the documents in his possession, no prejudice was demonstrated.

{¶ 5} Also on May 20, 2020, appellant filed a motion to compel appellee to respond to the interrogatories he claimed were privileged and to provide the relevant documents or, alternatively, to produce the documents for an in-camera inspection. Appellee opposed the motion. On September 9, 2020, the court denied appellant's motion but ordered the appellee to provide proper verification of his discovery responses.

{¶ 6} Appellant continued to take issue with and contend that documents were not being properly served according to court rules. On February 10, 2021 he filed a renewed motion to strike appellee's answer arguing, in addition to the improper service claim, that it was a "sham answer" because it contested liability and raised several affirmative defenses. Appellee opposed the motion and claimed that his answer was formally correct at that early stage in the proceedings. On March 31, 2021, the motion to strike the answer was denied. As to the renewed objection to service, the court indicated that it had encouraged the parties to notify the other when a document had been filed and indicated that the COVID pandemic had a "crippling" effect on the U.S. Postal Service.

{¶ 7} On December 7, 2021, after the parties reached a settlement, the matter was dismissed, without prejudice, with the court retaining jurisdiction to enforce the settlement agreement.

3.

{¶ 8} On January 4, 2022, appellant filed a motion alleging that appellee's counsel engaged in frivolous conduct and requesting sanctions under R.C. 2323.51 and Civ.R. 11. Appellant again raised arguments relating to documents, the count totaled eight, filed by appellee's counsel that he alleged had "false certifications." Appellant argued that as to six of the documents, his motion to strike should have been granted. Appellant also reasserted his arguments that the answer was a sham pleading because appellee's attorney failed to investigate the veracity of the statements she averred. Appellant further argued that appellee's attorney wrongly asserted attorney-client and work product privilege as bases for objecting to the production of the insurance-claim handling file.

{¶ 9} In response, appellee's attorney stated that when she initially spoke to Mr. Andersen he indicated that he did not fully recall the accident because he lost consciousness. He had also raised concerns about the design of the intersection where the accident occurred. The attorney claimed that based on these assertions her answer and assertion of affirmative defenses was wholly appropriate. As to the service claims, appellee stated that it was counsel's belief that all documents had properly been served and "[t]o the extent that any documents were not properly served, this was unintentional and not done to thwart the applicable civil rules, cause delay, or mislead the Court." Appellee denied that counsel engaged in any sanctionable conduct relating to the discovery dispute which was resolved by the court.

4.

**{¶ 10}** Denying the motion without a hearing, the trial court noted that the service issue had been previously addressed and rejected by the court and that appellant suffered no prejudice. As to the sham pleading claim, the court found the argument baseless and noted that appellant suffered no prejudice. Finally, as to the discovery issue, the court found appellee's response appropriate and that again appellant suffered no prejudice. This appeal followed.

## II. Assignments of Error

I. The trial court erred in its final opinion and order denying plaintiff's January 4, 2022 motion for a determination of frivolous conduct hearing and defamation of sanctions pursuant to R.C. 2323.51 and Civ.R. 11 against defendant's counsel Allison Hayes and Liberty Mutual Group, Inc. The record clearly establishes multiple and intentional violations of the Ohio Rules of Civil Procedure and the frivolous filing of a sham answer falsely disputing facts actually known, or that were easily known, to Counsel Hayes; the filing of false certifications of service; and other evidentiary unsupported motions.

II. The trial court erred in its final opinion and order denying plaintiff's motion for an evidentiary hearing and for imposition of sanctions against Liberty Mutual Group, Inc. pursuant to its inherent power for directing its attorney employee, Hayes, not to comply with her obligations

under Civ.R. 11 and R.C. 2323.51 which resulted in harm to a party in a proceeding before the court.

### III. Discussion

{¶ 11} Appellant's assignments of error are related and will be jointly addressed. We initially note that our standard of review of a trial court's ruling on a request for sanctions under R.C. 2323.51 is whether the court abused its discretion. *State ex rel. Davis v. Metzger*, 145 Ohio St.3d 405, 2016-Ohio-1026, 49 N.E.3d 1293, ¶ 10, quoting *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. A trial court's ruling on a Civ.R. 11 motion for sanctions is similarly reviewed. *Gallagher v. AMVETS Post 17*, 6th Dist. Erie No. E-09-008, 2009-Ohio-6348, ¶ 32. To demonstrate an abuse of discretion, the appealing party must show that the trial court's decision to grant or deny an award of attorney fees was unreasonable, arbitrary, or unconscionable. *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys.*, 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 28.

{¶ 12} Further, an evidentiary hearing on a motion for sanctions under either R.C. 2323.51 or Civ.R. 11 is required only where a motion demonstrates "arguable merit." *Gitler v. Cadle Co.*, 6th Dist. Lucas No. L-03-1129, 2004-Ohio-220, ¶ 13. "In cases where the court has sufficient knowledge of the circumstances for the denial of the requested relief, it need not waste judicial resources on hearings that are 'perfunctory, meaningless, or redundant.'" *Id.*, quoting *Smith v. Baumgartner*, 6th Dist. Ottawa Nos.

6.

OT-01-018, OT-01-014, 2002-Ohio-232, *4 (Jan. 25, 2002). *See State ex rel. Ebbing v.*

*Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 24; *Gallagher v.*

*AMVETS Post 17* at ¶ 33.

{¶ 13} Under R.C. 2323.51, sanctions may be awarded when a party to a civil action engages in frivolous conduct. Frivolous conduct is defined in R.C. 2323.51 as the following:

(a) Conduct of an inmate or other party to a civil action, * * *, or of the inmate's or other party's counsel of record that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not

likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 14} In addition, sanctions may be imposed under Civ.R. 11 which provides, in part:

The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶ 15} In determining whether sanctions are warranted under Civ.R. 11, the relevant inquiry is whether the attorney's actual intent or belief was willful or merely

8.

negligent.  *Stone v. House of Day Funeral Serv., Inc.*, 140 Ohio App.3d 713, 721, 748 N.E.2d 1200 (6th Dist.2000), citing *Haubeil & Sons Asphalt & Materials, Inc. v. Brewer & Brewer Sons, Inc.*, 57 Ohio App.3d 22, 23, 565 N.E.2d 1279 (4th Dist.1989).  Civ.R. 11 applies a subjective bad-faith standard looking at whether the attorney had a good faith belief to support the pleading.  *Id.*  If a willful violation of the rule is found, the court may determine whether and what type of sanction is warranted.  *Id.*, citing *Woods v. Savannah Foods & Indus., Inc.*, 6th Dist. Lucas No. L-92-160, 1993 WL 49796 (Feb. 26, 1993).

{¶ 16} In contrast, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed for frivolous conduct.  *Id.*, citing *Kester v. Rodgers*, 11th Dist. Lake Nos. 93-L-056, 93-L-072, 1994 WL 188918 (11th Dist.1994).  Therefore, a finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Wauseon v. Plassman*, Fulton App. No. F-96-003, 1996 WL 673521 (Nov. 22, 1996).  Accordingly, R.C. 2323.51 is broader in scope than Civ.R. 11.  *State Farm Ins. Cos. v. Peda*, 11th Dist. Lake No. 2004-L-082, 2005-Ohio-3405, ¶ 25.  If a court determines that counsel engaged in frivolous conduct, and an adverse effect is shown, the court may award reasonable attorney fees to the party adversely affected.  *Stone* at 722.

9.

*A. Answer and affirmative defenses*

**{¶ 17}** Appellant first argues that the trial court erred when it denied his motion for sanctions because the answer signed by appellee's attorney was false and that that there was no basis in law as to the affirmative defenses. Appellant claims he suffered prejudice in having to contest the answer and defend against the affirmative defenses.

**{¶ 18}** Reviewing appellant's claims and the record below, we cannot say that the trial court abused its discretion when it denied appellant's motion for sanctions as to appellee's answer. There is no indication that appellee's attorney either subjectively or objectively lacked a good faith basis to make denials in the answer or raise affirmative defenses. There is no evidence of any frivolous conduct or that appellee's counsel acted willfully or in bad faith in answering the complaint.

**{¶ 19}** Further, on February 20, 2020, the trial court denied appellant's motion for partial summary judgment as to the issue of liability. The court based its decision, in part, on appellee's assertion that discovery had just commenced and issued of liability and causation were "uncertain." This illustrates the court's belief that months after the complaint and answer had been filed, the matter was still unsettled.

**{¶ 20}** Finally, beyond a general assertion, we see no evidence that appellant's counsel was required to expend quantifiable funds or resources defending against appellee's affirmative defenses; the viability of which could be ascertained throughout the course of discovery. Thus, no prejudice was demonstrated.

10.

*B. Certification of service*

{¶ 21} Appellant next argues that the trial court erred when it denied his motion for sanctions because appellee's answer and several subsequent documents were not served in accordance with Civ.R. 5, which relevantly provides:

(A) Service: When Required.  Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. * * *

(B) Service: How Made.

(1) * * * If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party.

* * *

(4) Proof of Service.  The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the

service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.

{¶ 22} This issue was addressed by the court on multiple occasions in relation to appellant's motions to strike various pleadings. Specifically, the court indicated that the initial failure was due to out-of-town counsel's mistaken belief that the court would automatically serve appellant's counsel electronically as occurs in various other courts. The court concluded that the failure to serve was an honest mistake, as admitted by appellee's attorney, and not intended to thwart the legal process or prejudice appellant. Thereafter, appellant's counsel indicated that he had not received multiple docketed filings. Denying the motion to strike the additional documents, the court observed that the certification of the court filings was correctly noted and that counsel acknowledged receiving some documents but not others. The court then concluded that "there is no evidence defense counsel has intentionally failed to serve counsel." The court then recommended that the parties check the court's public access website to watch for filings.

{¶ 23} Reviewing the proceedings below, we find that the trial court did not abuse its discretion in failing to sanction appellee's counsel for issues with the service of various filings. There is no evidence demonstrating that any failure was anything other than unintentional. There has been no demonstration of prejudice.

12.

## C. Discovery

{¶ 24} Appellant further asserts that he was entitled to sanctions regarding appellee's counsel's refusal to produce the insurance file asserting attorney-client and work product privilege. The court found that the response was appropriate and that appellant suffered no prejudice. We find no abuse of discretion in the court's ruling.

{¶ 25} Based on the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion for Civ.R. 11 and R.C. 2323.51 sanctions. Further, the court was well-versed as to the claims raised by appellant and did not err in failing to conduct an evidentiary hearing prior to ruling. Appellant's first and second assignments of error are not well-taken.

## IV. Conclusion

{¶ 26} On consideration whereof, the March 23, 2022 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Christine E. Mayle, J.

                                  _____
Myron C. Duhart, P.J.                               JUDGE
CONCUR.

                                  _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.